### In re McMILLAN, RAPP & CO.

### Claim of LEAVER.

### No. 21225.

District Court, E. D. Pennsylvania.

April 16, 1941.

Roland C. Heisler and Drinker, Biddle & Reath, all of Philadelphia, Pa., for claimant.

George B. Clothier, David F. Maxwell, Leon J. Obermayer, and Edmonds, Obermayer & Rebmann, all of Philadelphia, Pa., for trustee.

BARD, District Judge.

This matter comes before the court by way of a certificate for review of the referee's order denying the petition of Warren M. Leaver for reclamation of 76 shares of Panhandle Eastern Pipe Line Company stock from the Trustee of McMillan, Rapp & Company, bankrupts.

The issues here involved are identical in some respects to those presented by the review of the referee's order relative to the claim of Paul Freeman, decided this day, 38 F.Supp. 40. Only those considerations peculiar to this petition will be dealt with here.

On September 12, 1939, Mr. Leaver received warrants entitling him to subscribe to twenty-one and a fraction shares of Panhandle Eastern Pipe Line Company stock at $25 per share. He had theretofore purchased warrants to subscribe to fifty-four and a fraction shares. Payment for the latter was completed on October 17, 1939, and on that date petitioner exercised his rights and through the bankrupt subscribed to 76 shares at $25 per share. This purchase price was paid in full on October 19, 1939.

On October 20, 1939, McMillan, Rapp & Company forwarded the cash and warrants to the Panhandle Company. On October 26, 1939, they received a certificate in the name of Chatman & Co., bankrupt's street name. On Bankrupt's transit sheet the stock was marked "a/c Leaver". On November 11, 1939, the certificate was forwarded by the bankrupt for transfer to the name of Warren M. Leaver. Panhandle Eastern Pipe Line Company issued its certificate dated November 13, 1939, in the name of Warren M. Leaver, and sent it to McMillan, Rapp and Company, who received it on November 15, 1939, and placed it in Mr. Leaver's envelope, where it remained to the date of bankruptcy.

The petition in bankruptcy was filed on February 20, 1940.

█ In the opinion filed this day relative to the reclamation petition of Paul Freeman, 38 F.Supp. 40, the applicability of section 60, sub. e, of the Chandler Act, c. 575, 52 Stat. 869, 11 U.S.C.A. § 96, sub. e, to this bankruptcy was decided affirmatively.

█ Proceeding to a determination of the petitioner's rights under section 60, sub. e, it can first be noted that the referee concluded correctly that the petitioner was a cash customer. The other consideration is whether the securities sought to be reclaimed are or were specifically identifiable under subsection (4) of section 60, sub. e.

It is provided that: "No * * * securities or similar property received by a stockbroker from or for the account of a cash customer for sale and remittance or pursuant to purchase or as collateral security, or for safekeeping, or any substitutes therefor or the proceeds thereof, shall for the purposes of this subdivision e be deemed to be specifically identified, unless such property remained in its identical form in the stockbroker's possession until the date of bankruptcy, or

unless such property or any substitutes therefor or the proceeds thereof were, more than 'four months before bankruptcy or at a time while the stockbroker was solvent, allocated to or physically set aside for such customer, and remained so allocated or set aside at the date of bankruptcy."

It is my conclusion that these securities were "received * * * for the account of a cash customer * * * pursuant to purchase."

After the bankrupt received the cash and warrants necessary for the purchase, it forwarded them and received a certificate. On the transit sheet the stock was marked "a/c Leaver". In view of the nature of the bankrupt's business, this was tantamount to a specification that the stock was for the claimant's account.

The remaining question is whether the stock "remained in its identical form in the stockbroker's possession until the date of bankruptcy." The only thing done by the bankrupt with the stock was to forward it for transfer from the street name to the claimant's name. The bankrupt had theretofore indicated on its records that this security was for the petitioner's account. If it was then identifiable, I· can see no force in the suggestion that issuance of a different certificate rendered it otherwise. I do not deem this a change in form, as it appears the phrase "identical form" was used in the section.

Upon these bases, I conclude that the referee's order denying reclamation must be set aside.

So ordered.