In re McMILLAN, RAPP. & CO.

Claim of WEISS.

No. 21225.

District Court, E. D. Pennsylvania.
April 16, 1941.

Roland C. Heisler and Drinker, Biddle & Reath, all of Philadelphia, Pa., for claimant.

George B. Clothier, David F. Maxwell, Leon J. Obermayer, and Edmonds, Obermayer & Rebmann, all of Philadelphia, Pa., for trustee.

BARD, District Judge.

This matter comes before the court by way of a certificate for review of the referee's order denying the petition of Katie M. Weiss for reclamation of 22 shares of Panhandle Eastern Pipe Line Company stock and 10 shares of Bank of America National Trust and Savings Association stock.

The issues here involved are identical in some respects with those involved in the review of the order denying reclamation petition of Paul Freeman, decided this day, 38 F.Supp. 40. Only those considerations peculiar to this reclamation petition will be dealt with here.

Claimant received warrants to subscribe to 21 and a fraction shares of Panhandle Eastern Pipe Line stock on September 12, 1939. On October 24, 1939, she purchased an additional fractional warrant and exercised this and the other warrants in the purchase of 22 shares. A credit with the bankrupt was used to pay the purchase price.

McMillan, Rapp & Company forwarded cash and warrants on October 24, 1939, and on October 30, 1939, received a certificate for 22 shares in the "street" name of Chatman and Company. On the transit sheet of McMillan, Rapp and Company, the stock was marked "$\%_c$ Weiss". On November 8, 1939, the certificate was forwarded for transfer to the name of Katie M. Weiss, and a certificate in her name was issued and sent to McMillan, Rapp and Company on November 10, 1939. It was received on November 14, 1939, and placed in Mrs. Weiss' envelope, where it remained to the date of bankruptcy.

The petitioner purchased the 10 shares of Bank of America National Trust and Savings Association stock from McMillan, Rapp and Company on December 8, 1939, and the purchase price was paid on December 11, 1939. The certificate for said shares was issued in her name on December 26, 1939, and sent to McMillan, Rapp and Company, by whom it was placed in her envelope, where it remained to the date of bankruptcy.

The petition in bankruptcy was filed on February 20, 1940.

In the opinion filed this day relative to the reclamation petition of Paul Freeman, decided this day, 38 F.Supp. 40, the decision was made that this bankruptcy is governed by the provisions of section 60, sub. e, of the Chandler Act, c. 575, 52 Stat. 869, 11 U.S.C.A. 96, sub. e, insofar as they are applicable.

Proceeding to a determination of the petitioner's rights under section 60, sub. e, it can first be noted that it was correctly concluded by the referee that the petitioner is a cash customer, as such are defined in that section.

The next consideration is whether the securities sought to be reclaimed are or were specifically identifiable under subsection (4) of section 60, sub. e. As to the 22 shares of Panhandle Eastern Pipe Line stock, it appears that the circumstances are similar to those concerning the stock sought to be reclaimed by Warren M. Leaver. My conclusions in regard to that claim, set forth in an opinion filed this date, Claim of Leaver, 38 F.Supp. 43, are therefore pertinent here and I incorporate them by reference in justification of a determination that the shares are specifically identifiable.

As to the 10 shares of Bank of America National Trust and Savings Association stock, there appears to be no foundation for denying reclamation. The price was paid for the shares before they were issued, and they were issued in the petitioner's name at the outset. There was, therefore, no question of change of form. Clearly, these securities were specifically identifiable under section 60, sub. e.

Upon these bases, I am decided that the referee's order must be set aside.

So ordered.